IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMES T.  LIVSEY                                                                    PLAINTIFF

v.                                    CIVIL NO.: 4:10-cv-4187

RON  STOVAL, *et al.*                                                          DEFENDANTS

REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Now before the Court is Separate Defendants' Motion to Dismiss Separately Named
Defendant, Linda Rambo.  ECF No.  11.  Pursuant to the provisions of 28 U.S.C. § 636 (b)(1) and
(3), this case is referred to the undersigned by the Honorable Paul K.  Holmes, III, United States
District Judge for the Western District of Arkansas.   For the following reasons, it is the
recommendation of the undersigned that the Motion to Dismiss Separately Named Defendant Linda
Rambo, ECF No.  11, be granted.

I.      **Background**

Separate Defendants Ron Stoval and Steve Heartline filed the subject Motion to Dismiss,
stating as grounds for this motion that Plaintiff filed his complaint against several individual defendants
and Miller County, Arkansas.  On December 17, 2010, an Order was issued directing the Clerk to
substitute Sheriff Linda Rambo in her official capacity for the Defendant Miller County, Arkansas.
ECF No.  5.  Defendants advise that Ms.  Rambo is no longer the Sheriff of Miller County, Arkansas,
but that Defendant Ron Stoval is the Miller County Sheriff.  Moreover, Stoval has been sued in his
individual and official capacities, *see* ECF No.1, and therefore represents the interests of Miller
County.  As Linda Rambo is no longer the Sheriff, and was not named in her individual capacity, the
Defendants move to dismiss her from this action.  Plaintiff has filed no objection to the motion to
dismiss.

## II.     Applicable Law

The "real party in interest in an official-capacity suit is the governmental entity and not the named official." *Robb v. Hungerbeeler*, 370 F.3d 735, 739 (8th Cir. 2004).  Federal Rule of Civil Procedure 25(d) advises that "[a]n action does not abate when a public officer who is a party in an official capacity . . . ceases to hold office." *Id.*  The rule then states "[t]he officer's successor is automatically substituted as a party." *Id.*  Further, while the Court may order substitution, "the absence of such an order does not affect the substitution." *Id.*

## III.    Discussion

In this action, Plaintiff clearly did not intend to name Defendant Linda Rambo individually. She was substituted by the Court to represent the interests of the Defendant Miller County, Arkansas. Defendant Rambo no longer represents the interests of Miller County, as she is no longer Sheriff of that county.  Therefore, it is the recommendation of the undersigned that Separate Defendants' Motion to Dismiss Separately Named Defendant, Linda Rambo, ECF No. 11, be **GRANTED**.  As Defendant Stoval has been named in his individual and official capacity, no further substitution is necessary regarding Miller County, Arkansas.

## IV.     Conclusion

For the forgoing reasons, it is the recommendation of the undersigned that Separate Defendants' Motion to Dismiss Separately Named Defendant, Linda Rambo, ECF No. 11, be **GRANTED**.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are**

reminded that objections must be both timely and specific to trigger *de novo* review by the district court.

IT SO ORDERED this 3rd day of June 2011.

/s/ Barry A. Bryant
HON. BARRY A.  BRYANT
U. S. MAGISTRATE JUDGE