IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMES T. LIVSEY                                                                           PLAINTIFF

      v.                          Civil No. 4:10-cv-04187

JAIL ADMINISTRATOR R. STOVAL;
CPT. HEARTLINE; CPT. J. HINTZLEMAN;
MRS. ROBBY, Kitchen Manager; MRS.
GREEN, Kitchen; and ARAMARK, INC.                                         DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, James T. Livsey filed this action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*.

On January 10, 2012 (ECF Nos. 31, 32, & 33), Separate Defendants ARAMARK, Mrs. Green, and Mrs. Robby, filed a motion for summary judgment. On February 3, 2012, an order (ECF No. 34) was entered directing Plaintiff to complete an attached notice regarding the summary judgment motion. The notice required Plaintiff to acknowledge receipt of the motion and to state whether he would file a response to the summary judgment motion on his own or was requesting the Court's assistance by the preparation of a questionnaire.

Plaintiff was directed to return the attached notice by February 27, 2012. Plaintiff was advised (ECF No. 34) that if he failed to return the attached notice by February 27, 2012, the case would be subject to summary dismissal for failure to obey the order of this Court and failure to prosecute this action.

To date, Plaintiff has not returned the notice. He has not requested an extension of time to file the notice. The Court's order was sent to the address contained on the docket sheet. The order and attached notice have not been returned as undeliverable.

I therefore recommend that this case be dismissed with prejudice based on Plaintiff's failure to obey the order of the Court and his failure to prosecute this action.  Fed. R. Civ. P. 41(b).

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of March 2012.

        /s/ Barry A. Bryant
       HON. BARRY A. BRYANT
       UNITED STATES MAGISTRATE JUDGE